UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TESFAYE FANTA, | Case No. 24-cv-1062 (LMP/SGE) |
| Plaintiff, | |
| v. | |
| F.L. SMITHE MACHINE CO. INC. *d/b/a Paper Converting Machine Company*, | **ORDER DISMISSING THIRD-PARTY COMPLAINT** |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| JAPS-OLSON COMPANY, | |
| Third-Party Defendant. | |

Plaintiff Tesfaye Fanta ("Fanta") brought this lawsuit asserting product liability claims against Defendant and Third-Party Plaintiff F.L. Smithe Machine Co. Inc. ("F.L. Smithe"). ECF No. 1. Fanta alleges that he "was seriously injured and had significant crush injuries to the fingers on his left hand" while operating a machine that is manufactured by F.L. Smithe during his employment with Third-Party Defendant Japs-Olson Company ("Japs-Olson"). *Id.* ¶¶ 9–10. F.L. Smithe, in turn, filed a third-party complaint against Japs-Olson asserting a claim for common law contribution and equitable indemnity. ECF No. 22. F.L. Smithe alleges that Fanta's injuries "occurred directly and proximately" because Japs-Olson did not properly train Fanta on how to safely operate the

machine, did not warn Fanta of the risks of operating the machine, and created a "dangerous working environment" and "dangerous working conditions" for Fanta. *Id.* ¶¶ 13–15.

On June 23, 2025, Japs-Olson filed a motion invoking the so-called "waive and walk" provision of Minnesota's workers' compensation statutes, Minn. Stat. § 176.061 subd. 11, seeking dismissal with prejudice of F.L. Smithe's third-party claim. ECF No. 41. Neither Fanta nor F.L. Smithe have responded to Japs-Olson's motion.

The "waive and walk" provision provides that when a person sues an alleged tortfeasor for injuries that occurred in the course of his employment, and the person has already received workers' compensation benefits from his employer related to those injuries, the employer "may avoid contribution exposure by affirmatively waiving, before selection of the jury, the right to recover workers' compensation benefits paid and payable, thus removing compensation benefits from the damages payable by" the alleged tortfeasor. Minn. Stat. § 176.061, subd. 11; *see also Fish v. Ramler Trucking, Inc.*, 923 N.W.2d 337, 342 (Minn. Ct. App. 2019); *Stoll v. Univar USA, Inc.*, No. 05-cv-213 (JNE/SRN), 2007 WL 690046, at *1–2 (D. Minn. Mar. 5, 2007). When the employer executes such a waiver, it is "entitled to dismissal" from the action. *Stoll*, 2007 WL 690046, at *2.

Here, Japs-Olson and Zurich, Japs-Olson's workers' compensation insurer, have invoked the protections of Minn. Stat. § 176.061, subd. 11, and have indicated their intent to "avoid any contribution exposure" and to "waive and walk with regard to any and all rights they may have to recover workers' compensation benefits paid and payable against F.L. Smithe." ECF No. 41 at 1. As a result, Japs-Olson is entitled to dismissal of F.L.

2

Smithe's contribution claim and dismissal as a party in this action. *See Stoll*, 2007 WL 690046, at *2.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. F.L. Smithe's Third-Party Complaint (ECF No. 22) is **DISMISSED WITH PREJUDICE**; and

2. Japs-Olson is **DISMISSED WITH PREJUDICE** as a party in this action.

Dated: July 21, 2025             *s/Laura M. Provinzino*
                                          Laura M. Provinzino
                                          United States District Judge